UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NORDSENSE, INC.,

Plaintiff,

vs.

ULTRALIFE CORPORATION,

Defendant.

ORDER

24-CV-6659-MAV

This matter is before the Court on Defendant Ultralife Corporation's amended motion to seal document (ECF No. 27) filed in conjunction with its amended motion to dismiss Plaintiff's complaint on *forum non conveniens* grounds (ECF No. 28). Plaintiff Nordsense, Inc. has indicated that it has no objection to Ultralife's amended motion to seal, and takes no position as to whether the documents at issue satisfy the requirements for the sealing of documents in light of the public's presumptive right of access to judicial records. ECF No. 31. For the reasons stated below, Defendant's amended motion to seal (ECF No. 27) is granted.

## LEGAL STANDARD

The legal principles applicable to a motion to seal are well-settled in this Circuit:

> The common law right of public access to judicial documents is firmly rooted in our nation's history . . . [and] is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice . . . .
>
> Once the court has determined that the documents are judicial documents and that therefore a common law presumption of [public]

> access attaches, it must determine the weight of that presumption. The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts . . . .
>
> Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it . . . .
>
> In addition to the common law right of access, it is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.
>
> . . . . A court's conclusion that a qualified First Amendment right of access to certain judicial documents exists does not end the inquiry. Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

*Montgomery v. Cuomo*, No. 14-CV-6709 CJS, 2018 WL 1156842, at *4–5 (W.D.N.Y. Mar. 5, 2018) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citations, footnotes and internal quotation marks omitted)).

In weighing whether closure is essential to preserving higher values, courts in this Circuit "'routinely permit parties to redact sensitive financial information' from public filings." *Brandon M. Brady Farms, Inc. v. EDF Renewables Dev. Inc*, 830 F. Supp. 3d 302, 313 (W.D.N.Y. 2026) (*Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 358 (S.D.N.Y. 2020)). Similarly, "'[p]otential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access . . . .'" *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998).

## DISCUSSION

The reader is presumed to be familiar with the facts of this case, and the Court will only address those factual allegations necessary for the resolution of the instant motion. On November 13, 2024, Plaintiff filed this lawsuit against Defendant for breach of contract arising from Plaintiff's purchase of allegedly defective lithium metal batteries. ECF No. 1 at 1. Defendant answered the complaint in January 2025, and the matter was referred to United States Magistrate Judge Colleen D. Holland for pre-trial matters. ECF Nos. 9–10. On June 10, 2025, Defendant filed its first motion to seal document, and its first motion to dismiss for *forum non conveniens*. ECF Nos. 24–25. The following day, Defendant filed an amended motion to seal document, and an amended motion to dismiss for *forum non conveniens*. ECF Nos. 27–28.

As an initial matter, the Court finds that Defendant's first motion to seal document (ECF No. 24) and first motion to dismiss for *forum non conveniens* (ECF No. 25) were mooted by Defendant's unopposed[1] submission of amended versions of each motion the following day. Accordingly, the instant order will address Defendant's amended motion to seal document (ECF No. 27). Defendant's amended motion to dismiss for *forum non conveniens* (ECF No. 28) will be addressed in a subsequent order.

---

[1] Indeed, the Court notes that Plaintiff's memorandum in opposition to Defendant's motion to dismiss refers to the amended motions, not the originals. *See, e.g.*, ECF No. 31 (citing the amended motion to seal at ECF No. 27), and ECF No. 32 (referencing Defendant's amended supporting declaration at ECF No. 28-2).

Moreover, after reviewing the documents that Defendant asks to seal – including the declaration of V. Scott Nitti, Defendant's Chief Operating Officer and formerly General Manager of Defendant's subsidiary involved in the present dispute, which is supplemented by multiple exhibits – the Court finds that they are judicial documents, and hence that the qualified right of access attaches. However, in comparing the redacted versions of the declaration and exhibits which are presently on the docket with the unredacted versions, the Court finds that the redactions are narrowly tailored to protect the parties' financial and other commercially sensitive information. For instance, the redactions in Nitti's declaration are very narrow (ECF No. 28-2 at 1–15), the majority of the exhibits to the declaration are emails that are also narrowly redacted (e.g., "Exhibit A," *Id.* at 17), and the only exhibits with extensive redactions are designs or sensitive testing or commercial information (e.g., "Exhibit E," *Id.* at 32–40). Due to the sensitive nature of the information being sealed, the Court further finds that Defendant's request that the information be sealed for five years is not unreasonable.

Accordingly, it is hereby

ORDERED that Defendant's amended motion to seal [ECF No. 27] is GRANTED, and the Clerk of Court is directed to file the unredacted version of the documents at issue under seal, while the unredacted versions may remain on the docket as they are at ECF Nos. 28-1 and 28-2; and it is further

ORDERED that Defendant's first motion to seal [ECF No. 24] is dismissed as

moot; and it is further

ORDERED that Defendant's first motion to dismiss for *forum non conveniens* [ECF No. 25] is also dismissed as moot.

SO ORDERED.

Dated: September 21, 2026
Rochester, New York

ENTER:

Meredith Vacca

HON. MEREDITH A. VACCA
United States District Judge